**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
Paul S. Evangelista, Esq.
pevangelista@scura.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Chapter 13 |
| JEANNE M. KEHOE, | Case No. 18-32792 (RG) |
| Debtor | Judge: Hon. Rosemary Gambardella |
| | Hearing Date: December 7, 2022 at 10:00 AM |

**CERTIFICATION IN SUPPORT OF MOTION FOR AN ORDER**
**AUTHORIZING THE LAW FIRM OF SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP TO WITHDRAW AS COUNSEL**

I, Paul S. Evangelista, Esq., certify as follows:

1.      I am an associate with the firm of Scura, Wigfield, Heyer, Stevens & Cammarota, LLP (the "Firm"), counsel Jeanne M. Kehoe (the "Debtor") in the above captioned matter. I am familiar with the facts and circumstances involving the Firm's relationship with the Debtor.

2.      I make this certification in support of the Firm's request for authorization to withdraw as counsel for the Debtor in this bankruptcy case.

3.      On November 16, 2018 (the "Petition Date") the instant bankruptcy case was commenced by filing a Chapter 13 Voluntary Petition on behalf of the Debtor.

4.      Although the New Jersey Rules of Professional Conduct ("R.P.C.") cannot by itself serve as a basis for the requested authorization, it does provide guidance as to when it is appropriate for an attorney to withdraw as counsel. *See*, *In re Albert*, 277 B.R. 38, 46 (S.D.N.Y 2002).

1

5.      R.P.C. 1.16(b) permits an attorney to withdraw as counsel if withdrawal can be accomplished without material adverse effect on the interests of the client, *or* if:

    (1)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (2)    the client has used the lawyer's services to perpetrate a crime or fraud;

    (3)    the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

    (4)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (5)    the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

    (6)    other good cause for withdrawal exists.

6.      A modified Chapter 13 Plan was confirmed on June 16, 2021, which required, *inter alia*, sale of the Debtor's property by June 15, 2022 or the case will be dismissed upon certification of the Trustee with 14 days notice to debtor(s) and debtor's attorney.

7.      The Debtor was unable to sell her property. On August 9, 2022, the Chapter 13 Trustee filed a Certification of Default.

8.      Upon contacting the Debtor to discuss the status of the sale, Debtor advised that she had recently inherited an additional property located at 169 Nesbit Terrace, Irvington, NJ (the "inherited property").  The Debtor advised that she intended to sell this property for consideration to pay off her remaining Chapter 13 obligations. On August 23, 2022, the Debtor filed a Certification in Opposition to the Certification of Default of the Standing Chapter 13 Trustee indicating her intent to sell the inherited property.

9.      Subsequently, the Debtor advised our office that she no longer wished to sell the inherited

property, but rather wished to deed same to her daughter.  The Debtor was advised by our office

that she could not transfer the inherited property without Bankruptcy Court approval.

10.     Despite our best efforts to advise the Debtor on the proper course of action, Debtor advised

that she indeed transferred the inherited property to her daughter.  It is our belief that the Debtor's

daughter may have exerted undue influence to effectuate the transaction.

11.     We submit that the actions taken by the Debtor are grounds for withdrawal under RPC

1.16(b).

12.     Therefore, we respectfully request that given the circumstances outlined above, good cause

exists for the Firm to withdraw as Debtor's counsel.

        I hereby certify that the foregoing statements made by me are true and I am aware that if

any of them are willfully false that I am subject to punishment.


Dated: November 9, 2022                          /s/ *Paul S. Evangelista*
                                                 Paul S. Evangelista, Esq.