**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1(b)

**McCARTER & ENGLISH, LLP**
Geoffrey E. Lynott, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile:  (973) 624-7070
Email: glynott@mccarter.com

*Counsel to the Chapter 7 Trustee*

In re:

JEANNE M. KEHOE,

        Debtor.

Order Filed on June 29, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 18-32792 (RG)

Honorable Rosemary Gambardella

Chapter 7

**Hearing Date: June 27, 2023 @ 10 a.m.**

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363 AND RULES 2002, 6004 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) APPROVING THE SALE OF THE REAL PROPERTY AND (B) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through eighteen (18), is

hereby **ORDERED**.

**DATED: June 29, 2023**

Honorable Rosemary Gambardella
United States Bankruptcy Judge

Page:          2
Debtor:        Jeanne M. Kehoe
Case No.:      18-32792 (RG)
Caption:       Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of
               the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real
               Property and (B) Granting Related Relief

---

Upon consideration of part 2 the sale motion, (the "Motion")[1] (Dkt. No. 150), filed by Jeffrey T. Testa, in his capacity as the Chapter 7 Trustee (the "Trustee") of the Debtor Jeanne M. Kehoe (the "Debtor"), pursuant to sections 105 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 6004-1 of the District of New Jersey Local Bankruptcy Rules ("D.N.J. LBR 6004-1"), for entry of (i) an order (a) approving the agreement of sale to the Successful Bidder relating to the sale of real property known as 151 Nesbit Terrace, Irvington, New Jersey (the "Real Property") to Essex Venture Fund I LLC (the "Successful Bidder"), free and clear of liens, claims, encumbrances and interests; and it appearing after seeking higher and better offers that the offer accepted by the Trustee of $336,000 is the highest and best offer received for the Real Property; and the Successful Bidder having represented on the record at the Auction[2] and in the executed agreement of sale that it will take the property occupied and that the Trustee, the Trustee's professionals and the bankruptcy estate will have no responsibility or liability with regard to anyone who may be occupying the Real Property (the "Successful Bid"); and the Bankruptcy Court having determined that the Successful Bidder is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code; and the Bankruptcy Court having reviewed and considered the Motion, all arguments made and all evidence presented at the hearing to approve the sale, including but not limited to the objection filed by the Debtor (the "Sale Approval

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed such terms in the Motion.

[2] The Auction was transcribed by a Court Reporter.

| | |
|---|---|
| **Page:** | **3** |
| **Debtor:** | **Jeanne M. Kehoe** |
| **Case No.:** | **18-32792 (RG)** |
| **Caption:** | **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief** |

___

Hearing"); and it further appearing that the relief provided in this Order is in the best interest of the Debtor's bankruptcy estate and all other parties in interest; and after due deliberation thereon, and for other good and sufficient cause appearing therefore:

### THE BANKRUPTCY COURT HEREBY FINDS AND DETERMINES THAT:

A.    **Findings and Conclusions**. The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B.    **Jurisdiction and Venue**. The Bankruptcy Court has jurisdiction over the Motion, the sale, and the Sale Approval Hearing pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    **Statutory Predicates**. The statutory predicates for the relief requested in the Motion are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014 and D.N.J. LBR 6004-1.

D.    **Notice**. The Clerk (i) served the Auction Notice upon the Notice Parties referenced in the Motion, and (ii) the Trustee timely caused to be published at a summarized version of the Bidding Procedures in a newspaper, publication or website.  The notice given by the Trustee of the Motion, the Auction Notice, the Bidding Procedures, and the sale, constitutes appropriate notice under the circumstances and complies with sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002,  6004 and 9014, D.N.J. LBR 6004-1 and the Bidding

Page:        **4**
Debtor:      **Jeanne M. Kehoe**
Case No.:    **18-32792 (RG)**
Caption:     **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

_____

Procedures Order.  No other or further notice of the Motion, the Auction Notice, the Bidding

Procedures or the sale is required by applicable law.

     E.     **<u>Business Justification</u>**. The Trustee has demonstrated both (i) good, sufficient,

and sound business purpose and justification for the sale, and (ii) compelling circumstances for

the sale pursuant to section 363(b) of the Bankruptcy Code.

     F.     **<u>Opportunity to Bid</u>**. As demonstrated by: (i) the testimony and other evidence

proffered or adduced at the Sale Approval Hearing, and (ii) the representations of counsel made

on the record at the Sale Approval Hearing, the Trustee marketed the Real Property and

conducted the sale process in compliance with the Bankruptcy Code.  The procedures for the

auction process set forth in the Motion afforded a full and fair opportunity for any Potential

Bidder to make a higher or otherwise better offer to purchase the Real Property.  Based upon the

record of these proceedings, all creditors and other parties in interest and all prospective

purchasers have been afforded a reasonable and fair opportunity to bid for the Real Property.

     G.     **<u>Highest or Otherwise Best Offer</u>**.

     [  ]  No overbids were received for the Real Property, and no auction was conducted. Therefore, the Stalking Horse Bidder was declared the Successful Bidder.  The total consideration to be paid by Successful Bidder in the amount of $200,000.00 for the Real Property is the highest or otherwise best offer received by the Trustee.

     **OR**

     [ X ] Qualified Overbids were received by the Trustee for the Real Property, and an Auction was held; **Essex Venture Fund I LLC and/or its designated assignee,** was deemed by the Trustee to be the successful bidder (the "**Successful Bidder**") having submitted a bid of **$336,000** (the "**Purchase Price**") wherein the Successful Bidder represented on the record at the Auction and in the executed agreement of sale that it will take and close on the property occupied and that the Trustee, the Trustee's professionals and the bankruptcy estate would have no responsibility or liability with regard to anyone who may be occupying the

Page:        **5**
Debtor:      **Jeanne M. Kehoe**
Case No.:    **18-32792 (RG)**
Caption:     **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

_____

Real Property. **Nesbit BSD LLC** and/or its designated assigns was deemed to be the next highest bidder (the "**Next Highest Bidder**") having submitted a final bid at the Auction in the amount of **$335,000** wherein the Next Highest Bidder represented on the record at the Auction that it would take the property occupied and that the Trustee, the Trustee's professionals and the bankruptcy estate would have no responsibility or liability with regard to anyone who may be occupying the Real Property.

H.    **Expense Reimbursement**.  The Stalking Horse Bidder Nesbit BDS LLC (the "Stalking Horse") may apply to the Bankruptcy Court for reimbursement of its reasonable costs and expenses not to exceed $3,000 to be paid at or after closing of the Real Property. The Stalking Horse shall file its application for expense reimbursement with the Bankruptcy Court and serve a copy on the Trustee's counsel within fourteen (14) business days of the entry of the Sale Order becoming final and non-appealable.

I.    **Good Faith Purchaser**. The Successful Bidder is a good faith buyer under section 363(m) of the Bankruptcy Code, will be acting in good faith in consummating the sale and is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.  As such, the Successful Bidder is entitled to all of the protections afforded thereby.

J.    **No Collusion**.  The Successful Bidder has been negotiated, proposed and entered into by the Trustee and Successful Bidder without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Trustee, nor the Successful Bidder have engaged in any conduct that would cause or permit the Successful Bid to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

K.    **Successful Bid; Fair and Reasonable**. The terms and conditions of the Successful Bid, are fair and reasonable, and therefore approval of the sale at this time is in the best interests of the Debtor's bankruptcy estate.

| | |
|---|---|
| Page: | **6** |
| Debtor: | **Jeanne M. Kehoe** |
| Case No.: | **18-32792 (RG)** |
| Caption: | **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief** |

L.      **Corporate Power and Authority**.  No consents or approvals are required for the Trustee to consummate the transaction.  Subject to the entry of this Order, the Successful Bidder has full corporate power and authority to execute all closing documents pertaining to the sale, and the sale has been duly and validly authorized by all corporate authority necessary to consummate the sale.

M.      **"AS IS" "WHERE IS**. Pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Real Property shall be transferred to Successful Bidder on an "AS IS, WHERE IS" basis, and the Successful Bidder shall take the Real Property knowing that it is not vacant. The Successful Bidder acknowledges that the Trustee, the Trustee's professionals and the bankruptcy estate have no responsibility or liability with regard to anyone who may be occupying the Real Property.

N.      **Title in the Real Property**.  The Real Property constitutes property of the Debtor's bankruptcy estate and sole title thereto is vested in the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

O.      **Free and Clear**. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee shall be, and hereby is, authorized, empowered, and directed to sell the Real Property to the Successful Bidder, and will vest the Successful Bidder with all right, title, and interest of the Trustee and the Debtor to the Real Property free and clear of all liens, claims, encumbrances and interests of any kind whatsoever, except as stated herein (the "Liens and Claims"), with any Liens and Claims to attach to the consideration to be received by the Trustee in the same priority and subject to the same defenses and avoidability, if any.

Page:       7
Debtor:     **Jeanne M. Kehoe**
Case No.:   **18-32792 (RG)**
Caption:    **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

---

P.     **Distribution from Proceeds of Sale**. At the closing of the sale of the Real Property, the tax lien of PC4, LLC[3] shall be paid in full through the City of Irvington tax collector's office pursuant to the Tax Sale Law, N.J.S.A. 54:5-1 *et seq.*, and the redemptive amount of the tax lien shall be calculated by the City of Irvington tax collector as required by N.J.S.A. 54:5-60. In addition, the Trustee is authorized and shall distribute the from the gross proceeds of sale any other municipal obligations, taxes, the broker commission, and necessary closing costs, including the costs for any title and judgment lien searches.

Q.     **Lis Pendens**. PC4 LLC US Bank Cust for PC4 Firstrust Bank ("<u>PC4</u>") recorded a Lis Pendens on June 21, 2017 in Instrument Number 2017053721, and recorded an Amended Lis Pendens on June 3, 2022 in Instrument Number 2022054253 (collectively, the "<u>PC4 Lis Pendens</u>") with regard to the Real Property.  As soon as practicable after Closing, PC4 shall discharge and/or terminate the PC4 Lis Pendens.

R.     **Free and Clear; Best Interests of Debtor's Bankruptcy Estate**.  If the sale to Successful Bidder by the Trustee was not free and clear of all Liens and Claims, except as stated herein, or if Successful Bidder would, or in the future could, be liable for any Liens and Claims, Successful Bidder would not have entered into the Successful Bid and would not consummate the sale or any other transaction contemplated by the Successful Bid.  A sale of the Real Property other than one free and clear of all Liens and Claims (except as stated herein) would adversely impact the Debtor's bankruptcy estate, would yield substantially less value for the Debtor's bankruptcy estate and would result in less certainty than the sale.    Therefore, the sale

---

[3] On May 3, 2023, PC4 LLC US Bank Cust for PC4 Firstrust Bank transferred its claim to PC4, LLC (Dkt. No. 152).

Page:       8
Debtor:     Jeanne M. Kehoe
Case No.:   18-32792 (RG)
Caption:    **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

_____

contemplated by the Successful Bid is in the best interests of the Debtor's bankruptcy estate and all other parties in interest.

        S.      **Satisfaction of Section 363(f) Standards**.   The Trustee may sell the Real Property free and clear of all Liens and Claims of any kind or nature whatsoever, except as stated herein, because, in each case, one or more of the standards set forth in sections 363(f)(l)-(5) of the Bankruptcy Code have been satisfied.  Any party with interests in the Real Property who did not object, or who withdrew its objections, to the sale or the Motion is deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Those parties with interests in the Real Property who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their interests, if any, attach to the cash proceeds of the sale ultimately attributable to the Real Property against or in which they claim an interest.

        T.      **No Fraudulent Transfer**.   The sale does not have the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.  Neither the Trustee nor the Successful Bidder is or will be fraudulently entering into the sale transaction.

        U.      **Consideration**.   The consideration provided by the Successful Bidder pursuant to the Successful Bid constitutes reasonably equivalent value and fair consideration (as those terms are defined in the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code).  The Successful Bid represents a fair and reasonable offer to purchase the Real Property and assume or acquire liabilities under the circumstances of the

| Page: | 9 |
|---|---|
| Debtor: | **Jeanne M. Kehoe** |
| Case No.: | **18-32792 (RG)** |
| Caption: | **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief** |

_____

Debtor's case.  Approval of the Successful Bid and the consummation of the sale are in the best interests of the Debtor's bankruptcy estate and all other parties in interests.

V.    **Compliance with the Bankruptcy Code**.  The consummation of the sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation sections 105(a) and 363 of the Bankruptcy Code, and all of the applicable requirements of such sections have been or will be complied with in respect of the sale as of the closing or the effective date of assignment.

W.    **Broker Commission**.  The Trustee's retained realtor, eXp Realty NJ, shall be paid a six (6%) percent commission from the sale proceeds at closing in the amount of $20,160 without further Order of the Bankruptcy Court. eXp Realty NJ shall be responsible for satisfying any co-broker fees from its commission.

X.    **Bulk Sale Laws**.  No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the sale.

Y.    **No Realty Transfer Fee**.  The Real Property shall be transferred free of any realty transfer fee owed to any governmental authority.

Z.    **Sale Approval Hearing**.  The Sale Approval Hearing was fair and open to all parties potentially affected by the relief requested in the Motion.

AA.    **Final Order**. **NOW    THEREFORE,    IT    IS    HEREBY    ORDERED, ADJUSTED AND DECREED THAT**[4]:

_____

[4]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

Page:         **10**
Debtor:       **Jeanne M. Kehoe**
Case No.:     **18-32792 (RG)**
Caption:      **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

_____

1.      **Relief Granted**.  The Motion is granted and approved in all respects, and the sale contemplated by the Successful Bid is approved in all respects pursuant to the terms set forth in the Agreement of Sale attached hereto as **Exhibit A**.

2.      **Capitalized Terms**. Capitalized terms not otherwise defined herein shall have the meaning ascribed such terms in the Motion.

3.      **Objections Overruled**. All objections to the Motion or the sale, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

4.      **Notice**.  Notice of the Sale Approval Hearing and Motion, was fair and equitable under the circumstances and complied in all respects with sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014 and D.N.J. LBR 6004-1.

5.      **Successful Bidder**. **Essex Venture Fund I LLC** and/or its assigns is hereby approved as the Successful Bidder having submitted a final bid at the Auction in the amount of $336,000, and that the Trustee together with the Successful Bidder are authorized to take all necessary steps to consummate the closing of the Real Property with the Successful Bidder pursuant to the Agreement of Sale attached hereto as **Exhibit A**, wherein the Successful Bidder agrees to take and close on the Real Property occupied and acknowledges and agrees that the Trustee, the Trustee's professionals and the bankruptcy estate have no responsibility or liability with regard to anyone who may be occupying the Real Property.

6.      **Next Highest Bidder**. **Nesbit BSD LLC** is deemed the Next Highest Bidder having submitted a final bid at the Auction in the amount of $335,000.00; and in the event the

| | |
|---|---|
| Page: | **11** |
| Debtor: | **Jeanne M. Kehoe** |
| Case No.: | **18-32792 (RG)** |
| Caption: | **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief** |

_____

Successful Bidder does not close on the Real Property, the Trustee together with the Next Highest Bidder are authorized to take all necessary steps to consummate the closing of the Real Property with the Next Highest Bidder taking and closing on the Real Property occupied and acknowledging that the Trustee, the Trustee's professionals and the bankruptcy estate have no responsibility or liability with regard to anyone who may be occupying the Real Property.

7.    **Expense Reimbursement**.  The Stalking Horse for the Real Property shall have the right the right to apply to the Bankruptcy Court for reimbursement of its reasonable costs and expenses not to exceed $3,000, which if approved shall be paid at or after the closing. The Stalking Horse shall file with the Bankruptcy Court and serve a copy on the Trustee's counsel with a copy of such application within fourteen (14) business days of the Sale Order becoming final and non-appealable.

8.    **Order Binding on All Parties in Interest**. This Order shall be binding in all respects upon all creditors and other stakeholders (whether known or unknown) of the Debtor's bankruptcy estate, the Trustee, the Successful Bidder, and all successors and assigns of Successful Bidder, and shall not be subject to rejection.

9.    **"AS IS" "WHERE IS**. Pursuant to 11 U.S.C. §§ 105(a) and 363(f) the Real Property shall be transferred to the Successful Bidder pursuant to the Successful Bid on an "AS IS, WHERE IS" basis and the Successful Bidder shall take the Real Property knowing that it is not vacate. The Successful Bidder acknowledges that the Trustee, the Trustee's professionals and the bankruptcy estate have no responsibility or liability with regard to anyone who may be occupying the Real Property.

| | |
|---|---|
| Page: | **12** |
| Debtor: | **Jeanne M. Kehoe** |
| Case No.: | **18-32792 (RG)** |
| Caption: | **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief** |

10.    **Approval**.  Pursuant to section § 363(b) of the Bankruptcy Code, the Trustee together with the Successful Bidder are authorized to fully perform under, consummate, and implement the sale, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of this Order and the sale, without any further corporate action or orders of the Bankruptcy Court.  Essex Venture Fund I LLC is hereby approved as the Successful Bidder for the Real Property having submitted the highest and best offer in the amount of $336,000 for the Real Property, and the Successful Bidder represented on the record that it would take the property not vacant and that the Trustee, the Trustee's professionals and the bankruptcy estate would have no responsibility or liability with regard to anyone who may be occupying the Real Property.

11.    **Good Faith Purchaser**.  The Successful Bidder is a good faith buyer of the Real Property, is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code, and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.  Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer of the Successful Bid or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal), and notwithstanding any reversal, modification or vacatur, any sale, transfer, or assignment shall be governed in all respects by the provisions of this Order.

Page:        13
Debtor:      **Jeanne M. Kehoe**
Case No.:    **18-32792 (RG)**
Caption:     **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

_____

12.    **Section 363(n) of the Bankruptcy Code**.  The sale approved by this Order and the Trustee's and Successful Bidder's entry into the Successful Bid is not subject to avoidance or any recovery or damages pursuant to section 363(n) of the Bankruptcy Code.

13.    **Title in the Real Property**. The Real Property constitutes property of the Debtor's bankruptcy estate and sole title thereto is vested in the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

14.    **Valid Transfer**.  Effective as of the closing, the sale of the Real Property by the Trustee to Successful Bidder shall constitute a legal, valid, and effective transfer of the Real Property notwithstanding any requirement for approval or consent by any person and vests Successful Bidder with all right, title and interest of the Debtor in and to the Real Property, free and clear of all Liens and Claims, except as stated herein, of any kind whatsoever, except as stated herein, with all such interests to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Real Property, pursuant to section 363(f) of the Bankruptcy Code.

15.    **Free and Clear**. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee shall be, and hereby is, authorized, empowered, and directed to sell the Real Property to the Successful Bidder free and clear of all Liens and Claims of any kind whatsoever, except as stated herein, with all such interests to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Real Property.  The Motion shall be deemed to provide sufficient notice as to the sale of the Real Property free and clear of all Liens and Claims, except as stated herein, in accordance

| | |
|---|---|
| Page: | **14** |
| Debtor: | **Jeanne M. Kehoe** |
| Case No.: | **18-32792 (RG)** |
| Caption: | **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief** |

___

with D.N.J. LBR 6004-1.  Following the closing, no holder of any Lien or Claim on or against

the Trustee, the Debtor, or the Real Property may interfere with Successful Bidder's use and

enjoyment of the Real Property based on or related to such Lien or Claim, or any actions that the

Trustee may take in these bankruptcy cases, and no interested party may take any action to

prevent, interfere with, or otherwise enjoin consummation of the sale.

16.    **Distribution from Proceeds of Sale**. At the closing of the sale of the Real

Property, the tax lien of PC4, LLC shall be paid in full through the City of Irvington tax

collector's office pursuant to the Tax Sale Law, N.J.S.A. 54:5-1 *et seq.*, and the redemptive

amount of the tax lien shall be calculated by the City of Irvington tax collector as required by

N.J.S.A. 54:5-60. In addition, the Trustee is authorized and shall distribute the from the gross

proceeds of sale any other municipal obligations, taxes, the broker commission, and necessary

closing costs, including the costs for any title and judgment lien searches.

17.    **Discharge of Lis Pendens**. As soon as practicable after Closing, PC4 shall

discharge and/or terminate the PC4 Lis Pendens.

18.    **Closing**.  In the event a closing does not occur within fourteen days of this Order

becoming final and non-appealable, unless mutually extended by the Seller and the Successful

Bidder, due to no fault of the Seller, the Successful Bidder shall be responsible for any carrying

costs incurred by the Trustee to maintain and preserve the Real Property, including but not

limited to municipal obligations, taxes, the broker commission, and necessary closing costs.

incurred through the actual closing.

Page:          15
Debtor:        **Jeanne M. Kehoe**
Case No.:      **18-32792 (RG)**
Caption:       **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

_____

19.     **Order Self Executing**. The provisions of this Order authorizing the sale and assignment of the Real Property free and clear of Liens and Claims, except as stated herein, shall be self-executing, and neither the Trustee nor Successful Bidder shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.  The Trustee is authorized to take whatever actions necessary to close this transaction as set forth in the Agreement of Sale between the Trustee and the Successful Bidder dated June 21, 2023.

20.     **Direction to Government Agencies**. Each and every federal, state and local governmental agency, unit, or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order, the Successful Bid, and any ancillary documents.

21.     **Fair Consideration**. The sale of the Real Property and the consideration provided by the Successful  Bidder under the Successful Bid is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

22.     **Broker Commission**. The Trustee's retained realtor, eXp Realty NJ, shall be paid a six (6%) percent commission from the sale proceeds at closing in the amount of $20,160 without further Order of the Bankruptcy Court.  eXp Realty NJ shall be responsible for satisfying any co-broker fees from its commission.

23.     **No Bulk Sales**.  No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the sale.

ME1 44837568v.3

Page:          16
Debtor:        **Jeanne M. Kehoe**
Case No.:      **18-32792 (RG)**
Caption:       **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

─────────────────────────────────────────────────────────────

24.     **No Realty Transfer Fee**.  The Real Property shall be transferred free of any realty transfer fee owed to any governmental authority.

25.     **Amendments**.  Any agreement related to the Successful Bid may be waived, modified, amended, or supplemented by agreement of the Trustee and Successful Bidder, without further action or order of the Bankruptcy Court.  The Trustee and Successful Bidder are expressly authorized, without further order of the Bankruptcy Court, to provide for the closing to occur on one or more closing dates.

26.     **Failure to Specify Provisions**.  The failure specifically to include any particular provision of the Successful Bid or any ancillary documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Bankruptcy Court that the Successful Bid and any ancillary documents be authorized and approved in their entirety.

27.     **Binding Order**.  This Order (a) shall be effective as a determination that, upon the closing of the sale, all Liens and Claims of any kind or nature whatsoever existing as to the Real Property being sold by the Trustee prior to the closing of the sale have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all persons and entities including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or

Page:        17
Debtor:      **Jeanne M. Kehoe**
Case No.:    **18-32792 (RG)**
Caption:     **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief**

_____

insure any title or state of title in or to any of the Real Property. Upon consummation of the closing, Successful Bidder shall be authorized to file termination statements or lien terminations in any jurisdiction to remove any record, notice filing or financing statement recorded to attach, perfect or otherwise notice any lien or encumbrances that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code. To the extent of any inconsistency between any document executed in connection with the sale and this Order, the provisions contained in this Order shall govern.

28.    **Retention of Jurisdiction**. The Bankruptcy Court shall retain exclusive jurisdiction to (i) interpret, construe and enforce the provisions of this Order, any ancillary documents, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, (ii) hear and determine any and all disputes arising under or related to this Order, any ancillary documents, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, except as otherwise provided therein, (iii) enforce the injunctions set forth herein in favor of the Successful Bidder or any of its respective successors and assigns, each of which injunction shall act to bar any claim enjoined and as a complete defense to any such claim or action, and (iv) compel transfer and delivery of any of the Real Property to the Successful Bidder.

29.    **Further Assurances**. After the closing, upon the reasonable request of the Successful Bidder (which request shall include the Successful Bidder's agreement to reimburse the Trustee for all out-of-pocket costs and expenses incurred by the Trustee in connection with

| | |
|---|---|
| **Page:** | **18** |
| **Debtor:** | **Jeanne M. Kehoe** |
| **Case No.:** | **18-32792 (RG)** |
| **Caption:** | **Order Pursuant to Bankruptcy Code Sections 105 and 363 and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure for an Order (A) Approving the Sale of Real Property and (B) Granting Related Relief** |

---

such request (including reasonable attorneys' fees)), the Trustee shall execute and deliver any and all further materials, documents, and instruments of conveyance, transfer, or assignment and take such further action as may reasonably be requested by the Successful Bidder to effect, record, or verify the transfer to, and vesting in the Successful Bidder, of the Trustee's right, title, and interest in and to the Real Property.

# Exhibit A

## AGREEMENT OF SALE

**THIS AGREEMENT OF SALE** (this "**Agreement**") is made and entered into as of the 21st day of ~~June~~, 2023, by and between, **JEFFREY T. TESTA,** Solely In His Capacity As Chapter 7 Trustee for Debtor Jeanne M. Kehoe (the "**Seller**"), and 570 Broad St Newark NJ 07102 [name], Essex Venture Fund I LLC name [address] (collectively, the "**Purchaser**"). The Purchaser is entering into this Agreement for property known as 151 Nesbit Terrace, County of Essex, New Jersey, 07111 (Block 327, Lot 21).

## W I T N E S S E T H :

In consideration of the covenants and agreements hereinafter contained, the parties hereto agree as follows:

1.    **The Sale**.

1.1    Upon and subject to the terms and conditions of this Agreement, Seller agrees to sell and convey to Purchaser, and Purchaser agrees to purchase from Seller all that certain parcel of land identified above (herein the "**Property**") and all title and interest, if any, of Seller in and to any lands lying in the bed of any street, road or highway, open or proposed, in front of, adjacent to or adjoining the Property, and any riparian rights. The Property is more particularly described in Schedule "A" attached hereto and made a part hereof.

1.2    All fixtures attached to the building, including, but not limited to, gas and electric fixtures, plumbing fixtures and lighting fixtures, heating apparatus, and smoke detectors are included in the sale.

1.3    Except as expressly described in Section 1.2 above, any personal property located at the Premises is not included in this sale.

2.    **Title**.

At the closing (the "**Closing**"), the Seller will convey, subject to an order of the United States Bankruptcy Court for the District of New Jersey and the Federal Rules of Bankruptcy Procedure 6004 and 9014, fee simple title insurable at regular rates, free of liens and encumbrances but subject to easement and restrictions of record provided same do not materially interfere with the current use of the Property. Purchaser shall insure title for the Property at its own expense.

3.    **Purchase Price**.

3.1    The purchase price for the Property is ~~Two~~ THREE Hundred ~~thirty nine~~ SIX Thousand Dollars ($ 239,000  336,000 ) (the "**Purchase Price**") payable as follows:

*PURCHASER'S*

3.2     As a deposit, the sum of ten percent (10%) of the Purchase Price (the "**Deposit**"), shall be paid by certified check or wire transfer upon ~~mutual~~ execution of this Agreement, which Deposit shall be held in an account maintained by the Seller.

3.3     The Deposit shall be refundable within three business days in the event the Property closes with a third-party purchaser or if the Purchaser is otherwise entitled to a refund of the Deposit pursuant to the terms of this Agreement.

3.4     If other qualified bids are received and an auction is held, at the conclusion of the auction, if the Purchaser is the successful bidder, the Purchaser shall be required to supplement the Deposit (the "**Supplemental Deposit**") so that the Deposit and the Supplemental Deposit (collectively, the "**Total Deposit**") equal at least ten percent of the final purchase price (the "**Final Purchase Price**").

*25,000 INITIAL DEPOSIT REC'D*

*8,600 SUPPL DEPOSIT REC'D 6/21/23*

3.5     The balance of the Final Purchase Price shall be paid to Seller by Purchaser at Closing by certified or bank check, or by wire transfer.

3.6     Intentionally Deleted.

4.     **Certification of Financial Wherewithal.**

Purchaser represents that they shall have sufficient cash available at the Closing to complete the purchase by the Closing Deadline (defined below).

5.     **Closing**.

5.1     The Closing shall be held at the offices of McCarter & English, LLP no later than fourteen days after the Bankruptcy Court order approving the sale becomes final and non-appealable, (the "**Closing Deadline**") unless mutually extended in writing by the Seller and the Purchaser. Except as provided for in Section 3.3, if the Closing does not occur by the Closing Deadline through no fault of the Seller, Purchaser shall be responsible for all carrying costs, including any taxes or municipal obligations from the Closing Deadline to the actual date of Closing.

5.2     The following deliveries shall be made by Seller at the Closing:

5.2.1     Seller shall execute, acknowledge and deliver to Purchaser a Trustee's Quit Claim Deed in proper form for recording conveying to Purchaser all of the Trustee's right, title and interest to the Property, the final, non-appealable order approving the sale by the United States Bankruptcy Court, and any other documentation reasonably required by the Title Company to convey marketable and insurable title.

5.3     The following deliveries shall be made by Purchaser at the Closing:

5.3.1     At Closing the Purchaser shall satisfy the balance of the Final Purchase Price.

6. **Apportionments**.

As the Seller has no funds on hand, the following apportionments are to be in the form of a credit reduction to the Final Purchase Price at the Closing, with said date being a day of expense to Purchaser.

6.1    <u>Real estate taxes, and other municipal charges</u>.  If the Closing shall occur before the final tax, water and/or sewer bills are fixed, the apportionment of real estate taxes, and/or sewer charges shall be upon the basis of preliminary bills for the Property.

6.2    Notwithstanding the above, if any of the aforesaid prorations and costs cannot be accurately calculated as of the Closing, then such proration of cost shall be calculated as soon as reasonably possible thereafter and the party owing the other party a sum as a result of such calculation shall promptly pay said sum to the other party.

7. **Brokerage Commission**.

7.1    Purchaser indemnifies and agrees to hold harmless Seller from and against any and all claims, loss, liability, costs and expenses, including reasonable attorney's fees, resulting from any claim that may be made against Seller by any broker or other person claiming a commission, fee or other compensation by reason of this transaction, if the same shall arise by or on account of any act of Purchaser or Purchaser's representatives. The final closing statement shall reflect the payment of the co-broker's commission from the proceeds of sale.

7.2    The Seller shall be responsible for payment at Closing from the sale proceeds of the applicable realtor commission to ~~Coldwell~~ Realty Banker, consistent with the terms of the Order of the United States Bankruptcy Court authorizing the retention of said realtor by the Seller, i.e. a six (6%) commission. ~~Coldwell~~ Realty Banker shall be responsible for payment of any co-broker commission.  eXp

7.3    The representations made by Seller and Purchaser in this <u>Section 7</u> shall survive the Closing.

8. **Seller's Warranties and Representations**.

8.1    The Seller warrants and represents that:

8.1.1    The execution, delivery and performance of this Agreement by Seller and the consummation of the transaction contemplated hereby in the manner contemplated herein will not violate any judgment, order, writ, injunction or decree of any court applicable to Seller or the Property.

8.1.2    Seller is not a "foreign person" under the Foreign Investment in Real Property Tax Act of 1980 ("**FIRPTA**").

8.2    Seller has not received any notices of violation and is unaware of any proposed or pending violations from any governmental authority.

8.3    To the Seller's actual knowledge, he has not received any notice or advice, and has no actual knowledge, that the Property fails to comply with any applicable laws, statutes, codes, ordinances, orders, regulations or other governmental requirements and has not received any notice or advise from any governmental authority or any source whatsoever with respect to any environmental contamination or hazardous materials on, from, or affecting the Property and has no actual knowledge regarding any such conditions on the Property.

8.4    The representations and warranties made by Seller in this Section 8 are true and correct as of the date of this Agreement and shall, to the extent the same remain true, be repeated as of Closing. If, for any reason, Seller cannot repeat said representations and warranties as of Closing, or if Seller is in default hereunder by virtue of a breach of any one or more of the above warranties, then, notwithstanding anything contained herein to the contrary, Purchaser's sole remedy shall be to terminate this Agreement and any deposit monies advanced by the Purchaser shall be refunding to the Purchaser in full.

8.5    The representations and warranties set forth in this Section 8 shall merge in the deed and shall not survive closing of title.

9.    **Physical Condition of the Property**.

Other than as specifically set forth herein, the Property is being sold on a strictly "AS IS, WHERE IS" basis, WITH ALL FAULTS. Neither the Seller nor any of Seller's agents make any claims, representations, warranties, or promises about the condition or the value of the Property included in the sale. SELLER EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED WARRANTIES, INCLUDING, BUT NOT LIMITED TO, ANY IMPLIED WARRANTIES OF FITNESS, HABITABILITY, OR MERCHANTABILITY.

10.    **Merger of All Prior Understandings; Property to be Accepted "AS IS"**.

It is understood and agreed that all understandings and agreements heretofore had between Seller, its agents, and Purchaser are merged in this Agreement, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation not embodied in this Agreement, made by the other. Purchaser represents that (he/she/it) has inspected the Property to (his/her/its) satisfaction, that (he/she/it) has independently investigated, analyzed and appraised the value and profitability thereof, that (he/she/it) has reviewed all documents referred to herein or in Schedules annexed hereto (other than those which will not be prepared or available to Purchaser until the Closing), that (he/she) is thoroughly acquainted with all of the above and that (he/she/it) agrees to accept the Property "AS IS," and in its present condition, subject to the reasonable use, wear and tear and natural deterioration between the date hereof and the date of the Closing, and

subject to the Rider attached hereto. Purchaser expressly acknowledges that, except as expressly provided herein, neither Seller nor any agent or representative of Seller has made, and Seller is not liable for or bound by in any manner, any express or implied warranties, guarantees, promises, statements, inducements, representations or information pertaining to any document referred to herein or in any Schedule annexed hereto or the Property or any other matter or thing with respect thereto.

11.    **No Oral Change; No Assignment**.

This Agreement may not be changed or terminated orally.  The stipulations aforesaid are to apply to and bind the legal representatives, successors and assigns of the respective parties.  Purchaser shall not have the right to assign this Agreement without the prior written consent of the Seller.

12.    **Title Insurance; Other Closing Expenses**.

12.1    **Seller's Costs**.  Seller shall pay the cost of its legal counsel.  Seller will not be responsible for any other costs including a resale Certificate of Occupancy, Certificate of Smoke Detector or Carbon Monoxide Alarm Compliance.

12.2    **Purchaser's Costs**.  Purchaser shall pay, in addition to the Purchase Price and Purchaser's apportionments, the cost of recording all of the deeds for the Property and the cost of its own legal counsel, accountants, engineers, architects and advisors, and its other professionals, plus if applicable the costs of its title commitment or abstract and the title insurance issued pursuant thereto.

12.3    **Tax Costs**.  Purchaser shall be responsible for any and all transfer taxes, stamp taxes, mansion tax, or other similar taxes which may arise as a result of this transfer to the extent the Closing is not subject to exemption from any and all such taxes. The parties agree to cooperatively work towards establishing exemptions for any applicable tax.

13.    **Notices**.

All notices, demands, consents, requests or other communications provided for or permitted to be given hereunder by a party hereto must be in writing and shall be deemed to have been properly given or served on the day of delivery, if evidenced by the green receipt card if deposited in the United States mail addressed to such party by registered or certified mail, postage prepaid, return receipt requested, or via confirmed facsimile transmission or acknowledged email communications at the addresses first set forth above, with copies of all notices to Seller to also be given to McCarter & English, LLP, Four Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102, attention Geoffrey E. Lynott, Esq, and copies of all notices to counsel for the Purchaser LAW OFFICE OF HEIL MYXRYLAINEN _____, attention HEIL MYXRÄLAINEN, ESQ 189 DANFORTH AVENUE, JERSEY CITY, NJ 07305



14. **Governing Law**.

This Agreement shall be construed, interpreted and enforced in accordance with the laws of the State of New Jersey, and before the courts of the State of New Jersey. Jurisdiction is retained by the United States Bankruptcy Court with respect to all matters arising from this Agreement. The parties agree to submit to the exclusive jurisdiction of the United States Bankruptcy Court.

15. **Recording**.

This Agreement may not be recorded.

16. **Default**. In the event of a default, the non-defaulting party shall provide written notice to the defaulting party permitting the other party to cure the default within three business days. Other than as set forth below in this <u>Section</u>, in the event the defaulting party fails to cure the default in said period, then the party seeking to enforce the default may do so according to this Agreement and as otherwise permitted by law.

16.1 **By Seller**. In the event the Bankruptcy Court determines that a willful default by Seller has occurred hereunder, the sole remedy of Purchaser shall be to terminate this Agreement, and Seller's sole liability shall be to refund all monies paid to Seller by Purchaser on account of this Agreement. Upon such refund and payment, this Agreement shall be considered cancelled and neither party shall have any further rights against the other. Nothing herein shall be deemed to require the Seller to institute any proceeding to clear any title objection.

16.2 **By Purchaser**. Except as provided for in <u>Section 3.3</u>, if Purchaser fails to close on the purchase of the Property by the Closing Deadline due to no fault of the Seller, Seller shall be entitled to retain any deposit monies advanced by the Purchaser as liquidated damages, to seek specific performance and to pursue any and all legal and equitable remedies.

16.3 **Closing Delay**. In addition to the remedy set forth in <u>Section 16.2</u> and except as provided for in <u>Section 3.3</u>, if Purchaser fails to close within the time required under <u>Section 5.1</u>, Purchaser shall be required to reimburse Seller all of his carrying costs from the expiration of the time set forth in <u>Section 5.1</u> until Closing. Such carrying costs shall include, but are not limited to, insurance, taxes, other municipal obligations, and charges to any lien holder on the Property.

17. **Risk of Loss; Casualty and Condemnation**.

17.1 The risk of loss or damage to the Property by fire, accident, act of God, calamity or otherwise until the delivery of the deed is assumed by Seller. Seller agrees to furnish Purchaser with notice of any such occurrence forthwith upon the happening thereof. In the event that the Property shall suffer injury beyond ordinary wear and tear, the Seller shall restore and repair the damage prior to the Closing to the reasonable satisfaction of the Purchaser; or either Party shall have the option to terminate this

Agreement upon three (3) days written notice to the other Party and the Purchaser shall be entitled to a refund in full of any deposit monies advanced by the Purchaser.

17.2    In the event that the Property is affected by a condemnation or eminent domain proceeding prior to Closing, then the Seller or Purchaser shall terminate this Agreement upon three (3) days written notice to the other Party and refund in full any deposit monies advanced by the Purchaser.

### 18.    Waiver and Indemnification of Claims Including Environmental Claims.

Purchaser, by paying the consideration for a deed of the Property at Closing, shall be deemed to release and to waive the Seller, the bankruptcy estate, the Seller's retained professionals, agents, consultants, advisors, representatives, employees, professionals, insurance companies, title companies, and any predecessors-in-title (collectively, the "Released Parties") from any and all claims of liability for or attributable to any environmental condition of the Property including without limitation any liability, claims, demands, damages, losses, expenses, third-party actions, rights of recovery, causes of action or suits at law or in equity, under any local, state or federal law, rule, ordinance or regulation, known or unknown, asserted or unasserted, contingent or non-contingent, including claims for contribution and/or indemnification of whatever nature and particularly on account of all damages of any kind which may result from, or may in the future develop in any way, relating to environmental contamination or other environmental matters, and from and after a Closing hereunder. Purchaser and its successors and assigns shall be deemed to have assumed and taken responsibility for, and shall defend, indemnify and hold the Released Parties harmless from and against, all losses, costs, claims liabilities, expenses, hazardous discharges, complaint, problem, demands and obligations attributable to the environmental condition of the Property. The Purchaser agrees to and is hereby contractually obligated to pay any legal costs and/or remediation costs, penalties and/or fines incurred at any time by the Released Parties, which may have been imposed upon it by any local, state or federal governmental authorities. The provisions of this Section 18 shall (i) apply notwithstanding any negligent or other contributory conduct by or on the part of any third parties, (ii) survive Closing under this Agreement, and (iii) be incorporated in the deed to be delivered to Purchaser as a covenant running with the Property which shall be binding on all subsequent owners of the Property. This Section 18 in its entirety shall survive Closing.

### 19.    Purchaser's Warranties and Representations.

The Purchaser represents that it has no affiliation with the Seller Jeanne M. Kehoe.

### 20.    Miscellaneous.

20.1    **Captions and Headings**.  The paragraph and/or section headings and the arrangement of this Agreement are for the convenience of the parties hereto and do not in any way affect, limit, amplify or modify the terms and provisions hereof.

20.2    **Singular, Plural, Etc**.  Wherever herein the singular number is used the same shall include the plural and the masculine gender shall include the feminine and neuter genders and vice versa, as the context shall require.

20.3    **Bankruptcy Court Approval.**  Seller and Purchaser acknowledge that, under the Bankruptcy Code, sale of the Property is, and the respective obligations of Seller and Purchaser under this Agreement are, subject to United States Bankruptcy Court approval of a motion to approve the bidding procedures (the "Bid Procedures Order") and a final, non-appealable Order approving the sale (the "Approval Order"). Seller and Purchaser acknowledge that to obtain such approval the Seller must demonstrate that it has taken reasonable steps to obtain the highest and best price possible for the Property, including but not limited to, establishing that the Purchaser is a good faith Purchaser, giving notice of the transaction contemplated by this Agreement to creditors and other interested parties as ordered by the Bankruptcy Court, providing information about the Property to responsible bidders, entertaining higher and better offers from responsible bidders and, if necessary, conducting an auction, in which Purchaser shall be entitled to participate.  In the event the Bankruptcy Court fails to enter the Bid Procedures Order or the Approval Order, then this Agreement shall be deemed null, void, and of no effect and any deposit monies advance by the Purchaser shall be returned to the Purchaser, except as may be reduced by the provision of Section 3.3.

20.4    **Counterparts**.  This Agreement may be executed in several counterparts, which shall constitute one and the same instrument.

21.    **Successors and Assigns**.

This Agreement shall inure to the benefit of and be binding upon the Seller and Purchaser hereto and their respective heirs, personal representatives, successors and assigns, except that Purchaser may not assign Purchaser's rights under this Agreement without the prior consent of the Seller.

22.    **Further Assurances**.

Seller and Purchaser each agree to execute any and all documents necessary to effectuate the purposes of this Agreement.

23.    **No Executory Contracts, No Unexpired Leases, No Tenancy**.

There are no executory contracts or unexpired leases that the Purchaser requests be assumed and assigned.  The Parties understand and agree that the premises is not ~~currently subject to any tenancy, will not become subject to any tenancy prior to the~~ ~~closing of title,~~ and will be delivered vacant ~~at the closing~~ of title.

VACANT, AND PURCHASER ACCEPTS THE PROPERTY NOT VACANT.





24.   **Attorney Review**

Purchaser has been informed of its right to have this Agreement reviewed by legal counsel of its choice prior to executing this Agreement.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the day and year first above written.

By: _____

Jeffrey T. Testa (Seller)
Solely in His Capacity as Chapter 7
Trustee For Debtor Jeanne M. Kehoe

(Purchaser)

By: _____

[Name and Title]

JASON LEWIS
Managing Member
Essex Venture Fund I. L.L.C

# Schedule "A"

### Description of Property

### (see attached page)

## DESCRIPTION

File No. 23-69716-PT

ALL THAT CERTAIN LOT, PARCEL OR TRACT OF LAND, SITUATE, LYING AND BEING IN THE Township of Irvington, IN THE COUNTY OF Essex, STATE OF NEW JERSEY, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT, WHICH POINT IN ON THE NORTH SIDE OF NESBIT TERRACE 275 FEET WEST OF THE INTERSECTION OF NESBIT TERRACE AND YALE AVENUE; THENCE

1) RUNNING NORTH 33 DEGREES 38.5 MINUTES WEST 125 FEET; THENCE

2) NORTH 56 DEGREES 21.5 MINUTES EAST 75 FEET; THENCE

3) IN A SOUTHEASTERLY DIRECTION AND PARALLEL WITH THE FIRST COURSE 125 FEET TO THE NORTHERLY SIDE OF NESBIT TERRACE; THENCE

4) ALONG THE SAME LINE IN A SOUTHWESTERLY DIRECTION AND PARALLEL WITH THE SECOND COURSE 75 FEET TO THE POINT AND PLACE OF BEGINNING.

BEING KNOWN AND DESIGNATED AS LOTS 62, 63 AND 64 ON A CERTAIN MAP ENTITLED "MAP OF IRVINGTON TERRACE" SURVEYED BY EDMUND R. HALSEY, SURVEYOR, NEWARK, N.J., APRIL 5TH, 1907, AND FILED IN THE REGISTER'S OFFICE OF ESSEX COUNTY IN CASE NO. 541 ON JULY 31, 1907 AND ON WHICH SAID LOTS ARE LOCATED FRONTING ON NESBIT TERRACE.

FOR INFORMATIONAL PURPOSES ONLY: ALSO BEING KNOWN AS TAX LOT 21 IN TAX BLOCK 327 ON THE OFFICIAL TAX MAP OF THE Township of Irvington, Essex COUNTY, STATE OF NEW JERSEY.